QING YONG YANG, also known as
Qin Yong Yang, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 05–0997–ag.

United States Court of Appeals,
Second Circuit.

Sept. 6, 2007.

Gary J. Yerman, New York, NY, for
Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas,
Dallas, TX, for Respondent.

Present: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Qing Yong Yang, a citizen of China, seeks review of a February 11, 2005 decision of the BIA decision affirming immigration judge ("IJ") Roxanne C. Hladylowycz's October 22, 2003 decision denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Yong Yang,* No. A79–433–014 (B.I.A. Feb. 11, 2005), *aff'g* A79–733–014 (Immig. Ct. N.Y. City Oct. 22, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

■ The IJ found that petitioner did not provide corroboration of his persecution in China, such as a summons or arrest warrant. While such evidence may be required where it can reasonably be expected, *see Diallo v. INS.,* 232 F.3d 279, 285 (2d Cir.2000), the lack of corroboration cannot support the denial here as there is no indication that such corroboration was reasonably available, *see Secaida–Rosales v. INS,* 331 F.3d 297, 311 (2d Cir.2003). Furthermore, the IJ misinterpreted the record in finding a contradiction between the letter submitted by Yang's friend and Yang's testimony that the police came to the church only once. His friend's letter referred to the "village head," not the police, and there is no evidence in the record that the village officials and the police or public security were the same entity. Nor can the inconsistencies and vagueness that the IJ noted as to petitioner's testimony regarding his religious beliefs support the denial because the IJ specifically found petitioner credible regarding his religious beliefs.

■ The IJ's finding that there was no past persecution and no well-founded fear of future persecution is not supported by substantial evidence. Yang claimed that he was beaten by village officials, his church services were interrupted, and he was threatened with arrest. In finding that there was no past persecution, the IJ relied on the fact that Yang had not been arrested, interrogated, or detained and was able to successfully hide for four to five months. The IJ thus failed to consider whether the beating constituted past persecution. It is a "fundamental error" to ignore an applicant's testimony that he was beaten. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

This itself is sufficient for a remand. We note, too, that we have some concerns with the IJ's findings as to future persecution. While the IJ noted that Yang was in China for four to five months after being persecuted without incident, the IJ failed to note that Yang testified that he was in hiding during this time. Furthermore, while the IJ noted that Yang's parents are not currently persecuted in China, this evidence demonstrates little as there is no assertion that his parents are Christian. Finally, while the IJ discounted petitioner's testimony because he did not "seek safe haven in his first location of safety," our caselaw has no such requirement.

As the IJ based the denial of withholding of removal and CAT relief on the same

grounds, and failed to consider the background materials in evaluating the CAT claim, those claims should also be reviewed on remand.

For the foregoing reasons, the petition for review is **GRANTED,** the BIA's decision is **VACATED,** and the case is **RE-MANDED** for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is **DENIED** as moot.